Ruffin, C. J.
 

 The Court is of opinion, that no error appears in the record. As far as the first reason was addressed to the discretion of the Court, it was exclusively for the Judge who presided at the trial. Had he been made satisfied, that the prisoner was surprised by the state of his witness, or that his evidence was material, he would doubtless have suspended the trial until the witness should be in a proper condition to take an oath, or would have granted a new trial. This Court cannot grant a new trial, properly speaking, as for surprise, or because the'verdict is contrary to the evidence., but can only grant a
 
 venire de novo
 
 for error in law upon the first trial. There is certainly no error in the Court, refusing to administer an-oath to a person, tendered as a witness, who is so drunk as not to understand its obligation, and to postpone swearing him until he may become sober enough for that purpose.
 

 Upon the second point, it may be a question, whether the provisions of the statute, as to the mode of forming the grand jury, be not merely directory. But we do not think it necessary to consider that question on this occasion, because, allowing them not to be directory merely, and that the objection might have been sufficient, if taken in due time, the Court holds, that it came too late in
 
 *98
 
 this case. The matter does not appear in the record, in a legal sense, but was properly the subject of a challenge to the petit jury, as being illegally constituted, by reason of a collateral thing. The prisoner’s objection goes to the formation of the petit jury, and should, therefore, have been talien as a challenge to the array. He did not choose to take it in that form, but elected to waive his privilege, and to be tried by the persons returned in the array; and he cannot, afterwards, take exception to it upon such collateral ground.
 

 We do not perceive any reason for arresting the judgment ; and therefore it must be certified, that there is no error in the judgment, in order that it may be duly proceeded on.
 

 Per Curiam. Ordered accordingly.